IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RENE BRETADO #1029383 | § | |
| | § | CIVIL ACTION NO. 6:06cv406 |
| OFFICER T. PHARISE | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Rene Bretado, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding pursuant to 28 U.S.C. 636(c).

An evidentiary hearing was conducted on August 7, 2007, pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). At this hearing, Bretado testified that the only individual whom he intended to sue was Sgt. Pharise. Bretado stated that on September 22, 2004, he was housed in F Wing, 2 Row, 18 cell. He had received a disciplinary case that morning and was told that he was being moved to another wing. After lunch, Sgt. Pharise came to get him, and Bretado left his property in his cell for an inventory.

During the escort, Bretado says, Sgt. Pharise was "getting rough," pushing and shoving him. When they arrived at S Wing, Pharise asked an officer named Bailey if any cells were open, and Bailey said yes, Cell 213. Pharise took Bretado to that cell, and Bretado says that Pharise was "pulling him around." Bretado went into the cell and put his hands out, for the handcuffs to be removed, and Pharise yanked on them. Bretado asked him why he was doing this, and Pharise removed one of the cuffs.

Bretado says that he pulled away and again asked Pharise why he was doing this, and asked him to call a sergeant; Pharise replied that he was a sergeant. He ordered Bretado to give him the handcuffs or he, Pharise, would "gas him." Bretado put his arm out of the cell, and Pharise again yanked on it. He finally removed the handcuffs.

According to Bretado, Pharise then went and told Lt. Walls that Bretado had assaulted him. Bretado says that he saw "specks of blood" on his wrists. Walls asked Bretado what had happened, and Bretado said that Pharise had been mistreating him. Captain Delarosa ordered Bretado taken to the infirmary.

Warden Pratt, a TDCJ official present at the Spears hearing, testified that if an inmate pulls away with one handcuff, the cuff is considered a weapon. He noted that according to TDCJ records, Bretado did receive a case for staff assault in connection with this incident.

Nurse Kathy Gray, a correctional nurse present at the Spears hearing, testified under oath concerning the contents of Bretado's medical records. She said that these records show that Bretado had sustained a minor laceration to the side of his right wrist, which was cleaned with a normal saline solution and a topical antibiotic applied.

Chip Satterwhite, a TDCJ regional grievance coordinator, testified that Bretado had filed a Step One grievance only. Bretado said that he did file a Step Two grievance, but that he had filed it by itself, without attaching the Step One grievance like he was supposed to. He never received the Step Two grievance back. Satterwhite noted that Bretado had properly filed Step Two grievances in the past, so he knew what he was supposed to do.

## The TDCJ Records

At the Spears hearing, the Court also received copies of certified, authenticated TDCJ records concerning the incident, as well as a videotape. This videotape shows Bretado being escorted to the infirmary after the incident, receiving treatment, and being taken back to his cell. While at the infirmary, Bretado was examined by a nurse, who told him that he had a "minor scratch." She wiped down his wrist and told him to put some ointment on it. He was then returned to his cell. The use

of force injury report also shows that Bretado had a minor laceration which received cleaning and topical antibiotic ointment.

In his use of force participant statement, Bretado said that he and the officer "had a disagreement" because Bretado asked him "why he was handling me so rough." When they got to the front of the cell, Bretado said, he stepped away from Pharise, and the officer pulled on the handcuffs, saying "will you stop." When he got inside the cell, Bretado said, Pharise was still pulling on the handcuffs, so Bretado pulled away from him and requested some other rank; Pharise then pulled out his canister of gas and told Bretado to give him the key to the handcuffs, and Bretado complied with this order. Bretado says that he showed Pharise the cut he had received, and Pharise took the handcuffs and closed the "bean shoot" (i.e. the food tray slot in the door).

Sgt. Pharise's statement says that after he removed one of the handcuffs, Bretado pulled away, and Pharise pulled back because his handcuff key was stuck. Bretado pulled away again, causing Pharise's hand to strike the cell door, and Pharise ordered him to give him the handcuffs, which Bretado did. The TDCJ records show that Bretado received a disciplinary case for assaulting an officer, based on the striking of Pharise's hand on the door when Bretado pulled away.

Legal Standards and Analysis

Although Bretado named a number of defendants in his lawsuit, he testified at the Spears hearing that his claim was against Sgt. Pharise alone, and that he only wanted to sue Pharise and no one else.

The first issue to consider is exhaustion of administrative remedies. The Supreme Court has explained that exhaustion of administrative remedies is an affirmative defense, which need not be specially pleaded or demonstrated in the complaint. Jones v. Bock, 127 S.Ct. 910, 920 (2007). The Supreme Court then went on to state as follows:

> Some courts have found that exhaustion is subsumed under the PLRA's enumerated grounds authorizing early dismissal for "fail[ure] to state a claim upon which relief may be granted." 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). See Baxter, supra, at 489; Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (C.A.10 2003); Rivera v. Allin, 144 F.3d 719, 731 (C.A.11 1998). The point is a bit of a red herring. A complaint is subject to dismissal for failure to state a claim if the

>allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, *see* Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract. *See* Leveto v. Lapina, 258 F.3d 156, 161 (C.A.3 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face" (internal quotation marks omitted)). *See also* Lopez-Gonzalez v. Municipality of Comerio, 404 F.3d 548, 551 (C.A.1 2005) (dismissing a complaint barred by the statute of limitations under Rule 12(b)(6)); Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74-75 (C.A.2 1998) (dismissing a complaint barred by official immunity under Rule 12(b)(6)). *See also* 5B C. Wright & A. Miller, Federal Practice and Procedure § 1357, pp. 708-710, 721-729 (3d ed.2004). Determining that Congress meant to include failure to exhaust under the rubric of "failure to state a claim" in the screening provisions of the PLRA would thus not support treating exhaustion as a pleading requirement rather than an affirmative defense.

Jones, 127 S.Ct. at 920-21.

This is consistent with established Fifth Circuit authority, which has long held that affirmative defenses may be raised *sua sponte* when they are clear from the face of the complaint or otherwise apparent from the record. See Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999); Stanley v. Foster, 464 F.3d 565, 568 (5th Cir. 2006).

In this case, Bretado testified under oath at the Spears hearing that he did not comply with the TDCJ procedures in filing his grievances, because he did not submit a copy of his Step One grievance along with his Step Two appeal. The Step Two form specifically instructs inmates that "you must attach the completed Step One grievance that has been signed by the Warden for your Step Two appeal to be accepted."

In Woodford v. Ngo, 126 S.Ct. 2378, 2388 (2006), the Supreme Court held that prisoners must complete the exhaustion procedures in accordance with the applicable state procedural rules, including deadlines, because the benefits of exhaustion can only be realized if the prison grievance system is given a fair opportunity to consider the grievance, and the system will not have such an opportunity unless the grievant complies with the procedural rules. Here, Bretado concedes that he did not complete the exhaustion procedure in accordance with the applicable state procedural rules, in that he did not attach his Step One grievance to the Step Two appeal as required; his complaint

4

may therefore be dismissed for failure to state a claim upon which relief may be granted because his allegations, including his testimony regarding exhaustion, shows that he is not entitled to relief. Jones, 127 S.Ct. at 920-21; Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990) (remand for district court to address defense not required where "affirmative defenses are both obvious and facially meritorious.")[1]

However, Bretado's lawsuit suffers from a yet more fundamental flaw. The evidence in the case, including Bretado's testimony, shows that the use of force consisted of Pharise yanking on the handcuffs, resulting in a small scratch requiring cleaning and the application of topical antibiotic ointment. The Fifth Circuit has recently explained as follows:

> To support an excessive force claim, a prisoner "must have suffered from the excessive force a more than *de minimis* physical injury, but there is no categorical requirement that the physical injury be significant, serious, or more than minor." Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir.1999). "In determining whether an injury caused by excessive force is more than de minimis, we look to the context in which that force was deployed." Williams v. Bramer, 180 F.3d 699, 703 (5th Cir.1999). "[T]he amount of injury necessary to satisfy our requirement of 'some injury' and establish a constitutional violation is directly related to the amount of force that is constitutionally permissible under the circumstances." *Id. at* 70304 (quoting Ikerd v. Blair, 101 F.3d 430, 434 (5th Cir.1996)).

Payne v. Parnell, --- F.3d ---, slip op. no. 05-20687 (5th Cir., September 5, 2007) (unpublished). In Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997), the prisoner plaintiff suffered a bruised ear, which remained sore for three days; the Fifth Circuit held that this injury was *de minimis*.

By contrast, in Gomez, the guard knocked the prisoner down so that his head struck the floor, scraped his face against the floor, repeatedly punched him in the face, and kicked him in the face and head, resulting in cuts, scrapes, and contusions to the head and body; the Fifth Circuit held that these injuries were not *de minimis*. *See also* Brown v. Lippard, 472 F.3d 384, 387 (5th Cir. 2006) (injuries

---

[1] The Fifth Circuit decisions of Johnson v. Mississippi Department of Corrections, --- F.3d ---, slip op. no. 06-60123 (5th Cir., June 26, 2007) (unpublished) and Carbe v. Lappin, 492 F.3d 325 (5th Cir. 2007) are readily distinguishable. In Johnson, the plaintiff alleged that he was prevented from exhausting administrative remedies because prison officials failed to pick up his grievance in a timely fashion, and in Carbe, the complaint was silent as to exhaustion. The dismissals of these cases for failure to exhaust were reversed by the Fifth Circuit. In the present case, however, the plaintiff gave sworn testimony that he did not properly complete the grievance procedure.

are insufficient to support an excessive force claim where there is *no* physical injury, or where the injury is extremely minor, such as a bruise caused by having one's ear twisted, but injuries including one-centimeter abrasions on the left knee and left shoulder, pain in the right knee, and tenderness around the left thumb are not so minor as to preclude recovery).

The incident in the present case is more akin to Siglar than to Gomez or Brown. The medical records show that Bretado suffered a small scratch on his wrist, which required nothing more than cleansing and the application of ointment. This is a *de minimis* injury.[2]

In addition, Bretado has not shown that Sgt. Pharise applied force maliciously and sadistically for the very purpose of causing harm. The Supreme Court, in Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992), held that inmates raising allegations of excessive force must show that the force used was malicious and sadistic for the very purpose of causing harm rather than in a good faith effort to restore discipline; the Court also noted that the Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." Hudson, 112 S.Ct. at 999.

In accordance with this decision, the Fifth Circuit has identified five factors which should be considered in determining whether an unnecessary and wanton infliction of pain was done in violation of an inmate's right to be free from cruel and unusual punishment. These factors are: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. Baldwin v. Stalder,

---

[2] In Young v. Saint, et al., slip op. no. 92-8420 (5th Cir., March 31, 1993) (unpublished), an inmate was hit on the hand with a metal spatula, resulting in two scratches requiring antibiotic ointment and a bandage, and a slight decrease in flexion and extension of the inmate's fingers; the Fifth Circuit held that this injury was de minimis and that the use of force was not repugnant to the conscience of mankind. Similarly, in Potts v. Hill, slip op. no. 98-50214 (5th Cir., May 25, 1999) (unpublished), the inmate was hit in the mouth during an altercation with a guard, causing a non-bleeding cut and making his mouth too sore to wear dentures for three weeks; the Fifth Circuit held that this injury was *de minimis* and upheld a grant of summary judgment for the guard.

137 F.3d 836, 839 (5th Cir. 1998); Hudson v. McMillian, 962 F.2d 522, 523 (5th Cir. 1992). It should be noted that not every push or shove, even if it may seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights, and that the management and treatment by a few guards of large numbers of inmates, not normally the most gentle or tractable of men and women, can require and justify the occasional use of intentional force. Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir.), *cert. denied sub nom.* John v. Johnson, 414 U.S. 1033 (1973) (cited with approval in Hudson, 112 S.Ct. at 1000); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) (citing Johnson).

In this case, as noted above, Bretado suffered nothing more than a small, minor scratch, and so the first Hudson factor weighs against him. He testified that he pulled away from Pharise, and his testimony is generally consistent with Pharise's statement that the handcuff key was stuck, and so Pharise yanked on the cuffs to try to retrieve it. While Bretado indicates that Pharise was "handling him roughly" during the escort, including some pushing and shoving, he has not shown that this use of force amounted to a constitutional violation. Nor has he shown that the yanking on the handcuffs was done maliciously or sadistically for the very purpose of causing harm, that this use of force was more than *de minimis* or repugnant to the conscience of mankind, or that he suffered an injury which was more than *de minimis*. Bretado has failed to show a constitutional violation even had he exhausted his administrative remedies, which he did not. His lawsuit may therefore be dismissed.

Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees. Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 325-7 (1989). A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Neitzke v. Williams, 490 U.S. 319, 327, (1989), *citing* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); *see also* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Bretado's claim lacks any arguable basis in law and fails to state a claim upon which relief may be granted. Consequently, his lawsuit may be dismissed as frivolous under 28 U.S.C. §1915A(b). *See generally* Thompson v. Patteson, 985 F.2d 202 (5th Cir. 1993). It is accordingly

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous. 28 U.S.C. §1915A(b). It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **26** day of **September, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE